IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VANESSA HUGHES, | ) | 4:04CV3368 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FURNITURE ON | ) | |
| CONSIGNMENT, INC., | ) | |
| d/b/a Rod Kush's | ) | |
| Furniture/Mattressland, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's application for an award of attorney fees (filing 42). I will grant the application in part and deny it in part.

In U & I Sanitation v. City of Columbus, 112 F. Supp. 2d 902, 903-04 (D.Neb. 2000), I summarized what I consider to be the applicable law in this circuit regarding an award of attorney fees pursuant to 42 U.S.C. § 1988:

> When an application for attorney fees is made, the "lodestar" method is used to decide whether it should be granted, and, if so, how much should be awarded. See, e.g., Tabech v. Gunter, 869 F.Supp. 1446, 1456-70 & n. 6 (D.Neb.1994) (awarding fees of $168,543.27 and expenses of $10,321.83), aff'd sub nom. Jensen v. Clarke, 94 F.3d 1191 (8th Cir.1996). Briefly, the following is what I think the "lodestar" method involves.
>
> First, one decides whether an award of fees of any kind is justified or whether special circumstances make an award of fees unjust. Tabech, 869 F. Supp. at 1455. For example, when a party's success is insignificant, an attorney-fee award may not be justified though that party technically prevailed. Id. (citing Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

Second, one determines what an "attorney-fee" award includes in the "relevant market." For example, if lawyers in the relevant market charge fee-paying clients for paralegal or law-clerk time, an attorney fee award may include an amount equivalent to what law firms would customarily bill clients for the work of paralegals and law clerks. Id. The same is true for "out-of-pocket" expenses; that is, if a particular out-of-pocket expense is normally billed to fee-paying clients in the relevant market, then such expenses are a proper component of an attorney-fee award. Id. at 1455-56.

Third, one calculates the "lodestar." Id. at 1456 (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The "lodestar" is calculated by determining the number of hours reasonably expended multiplied by the applicable hourly market rate for the relevant legal services. Id. The rate is determined by reference to the marketplace. The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work. Id. I will seldom award a fee that is greater than one-third of the amount recovered. Id. I frequently award less. Id.

Note that when calculating the lodestar, various things are subsumed within it; that is, reductions for insufficient documentation are included in the lodestar calculation and the novelty or difficulty of the case is also included, rather than as a separate enhancement. Id. Also, if requested, I may compensate for any delay in payment (time value of money) by calculating the lodestar in current dollars (the current hourly rate rather than the historical rate), as opposed to giving a separate enhancement for delay in payment. Id.

Fourth, the lodestar can only be enhanced rarely. Id. at 1462. It is only appropriate to enhance the lodestar when that method will not ensure competent counsel in future cases of a similar nature. Id. at 1462-63.

Fifth, the lodestar must be reduced if success is "partial." Id. at 1464-66. "Partial success" refers to the failure to win on all claims when the claims and relief are separate. In such a case, a fee is not

awarded for work on the unsuccessful claims; that is, all hours attributed to the discrete claim are disregarded.

Sixth, under certain circumstances, the lodestar must be reduced if success is "incomplete." Id. "Incomplete success" refers to situations where there are multiple claims, but the claims and the relief are intertwined. When the claims and relief are intertwined, a reduction for "incomplete" success will not normally result in a prorated reduction. Such a result follows because it is frequently necessary to prosecute all related claims to prevail on one. Id. In such a situation, there may be a reduction, but it will not be linear.

In the present case, there is no dispute that the plaintiff, Vanessa Hughes, is entitled to recover attorney fees as against the defendant, Furniture on Consignment, Inc. Nor is there any dispute that the lodestar should be calculated at $13,895.00, which is the total amount of attorney fees requested in the plaintiff's application. That is, the defendant does not contest that an hourly rate of $175, including out-of-pocket expenses that are not items of taxable cost, is reasonable in the relevant marketplace, or that the 79.4 hours the plaintiff's counsel devoted to this matter is a reasonable amount of billable time, and neither party has suggested that any adjustments are appropriate for the lodestar calculation.[1] The defendant does argue, however, that the lodestar as thus calculated should be reduced in some manner to reflect the plaintiff's partial success. I agree.

The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. See St. Louis Fire Fighters Ass'n, 96 F.3d at 332 (citing Farrar v. Hobby, 506 U.S. 103, 114 (1992)).

> "Where recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the

---

[1] Because they are uncontested, I make no independent finding regarding the reasonableness of either the hourly rate or the number of hours recorded.

> amount sought." Riverside v. Rivera, 477 U.S. 561, 585, 106 S.Ct. 2686, 2700, 91 L.Ed.2d 466 (1986) (Powell, J., concurring in judgment). Such a comparison promotes the court's "central" responsibility to "make the assessment of what is a reasonable fee under the circumstances of the case." Blanchard v. Bergeron, 489 U.S. 87, 96, 109 S.Ct. 939, 946, 103 L.Ed.2d 67 (1989). Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, see Hensley, 461 U.S., at 430, n. 3, 103 S.Ct., at 1937-1938, n. 3, or multiplying "the number of hours reasonably expended . . . by a reasonable hourly rate," id., at 433, 103 S.Ct., at 1939.

Farrar, 506 U.S. at 114-15.

The plaintiff in this case requested a backpay award of over $52,000 on her constructive discharge claim and an unspecified amount for other compensatory damages on such claim and on her hostile work environment and disparate treatment claims. The jury found for the plaintiff only on the hostile work environment claim and awarded her damages in the amount of $2,500.

I seldom award a fee that is greater than one-third of the amount recovered, and I frequently award less. See U & I Sanitation, supra. On a one-third contingency basis, which is usual in Title VII cases, the plaintiff's attorney fee would be $833, or about 6 percent of the amount that the defendant is being asked to pay. A contingency-fee contract does not impose an automatic ceiling on an award of attorney's fees, but it is a factor to be considered. See Blanchard v. Bergeron, 489 U.S. 87, 93 (1989); St. Louis Fire Fighters Ass'n, 96 F.3d at 332 n. 9.

While I think a substantially smaller award might be justified, the defendant suggests that the plaintiff should recover one-third of the attorney fees requested because she prevailed on one out of three claims that were submitted to the jury. One-third of $13,895 is $4,631.67. I will award this suggested amount.

Finally, I note that the plaintiff's attorney fee application includes a request for payment of costs in the amount of $150.00. Cost items may be taxable by the clerk pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, upon the filing of a proper bill of costs, but will not be included in the attorney fee award.

Accordingly,

IT IS ORDERED that:

1. Plaintiff's application for an award of attorney fees (filing 42) is granted in part and denied in part, as follows: Pursuant to 42 U.S.C. § 1988, the plaintiff is hereby awarded attorney fees against the defendant in the amount of $4,631.67. In all other respects, the plaintiff's application is denied, but without prejudice to the plaintiff's ability to seek taxation of costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.

2. Judgment shall be entered by separate document.

November 22, 2005.               BY THE COURT:

                                 s/ *Richard G. Kopf*
                                 United States District Judge